| | |
|---|---|
| GERON LEGAL ADVISORS LLC<br>Yann Geron<br>Jeannette Litos<br>Nicole N. Santucci<br>370 Lexington Avenue, Suite 1101<br>New York, New York 10017<br>(646) 560-3224 | Hearing Date: May 16, 2023<br>Hearing Time: 10:00 a.m. |

*Attorneys for Yann Geron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                             :        Chapter 7
                                                  :
MADHU GROVER,                                     :        Case No. 22-11730-mg
                                                  :
                    Debtor.                       :
---------------------------------------------------------x

### TRUSTEE'S OBJECTION TO ASHNA SHAH GROVER'S MOTION TO RELEASE FUNDS HELD BY THE TRUSTEE

Yann Geron, the Chapter 7 Trustee (the "Trustee") of the estate of Madhu Grover (the "Debtor"), the above-captioned debtor, by and through his attorneys, Geron Legal Advisors LLC, as and for his objection (the "Objection") to the motion of Ashna Shah Grover ("Ms. Shah") for an order releasing funds (the "Funds") allegedly held by the Trustee [DE 43] (the "Motion"), respectfully represents:

### Summary of the Objection

1.      The Motion seeks the release of funds that Ms. Shah, the Debtor's daughter, alleges belong to her and have been held by the Trustee. The Motion is misleading and baseless. As is further detailed below (i) the Trustee has not restrained the funds at issue, (ii) and the Trustee recently learned that a significant portion of the funds appears to have been withdrawn post-petition (without this Court's approval). Moreover, counsel to the estate's most significant creditor, James Busche, advised the Trustee that Mr. Busche will be objecting to the Debtor's alleged

exemptions and will seek a ruling on whether all funds in the bank account at issue are estate property. For all of these reasons, the Motion must be denied.

**Relevant Background**

2.   The background relating to the Debtor's pre-petition financial affairs, potential assets, and claims is complex, as evidenced by the various motions filed by the Trustee and creditors seeking authorization, pursuant to Bankruptcy Rule 2004, to subpoena documents and testimony from over twenty insider and third-party witnesses.

3.   Although the Trustee's investigation is ongoing, his investigation to date has revealed the following relating to the Funds:

- Immediately prior to the petition date, Mr. Busche restrained the Funds on deposit in Chase bank account ending in 6350. See Exhibit A. This joint bank account is in the names of the Debtor and Ms. Shah.
- The Debtor's bankruptcy schedules list the value of the Funds as of the petition date as $53,337.52 (See DE 9 at p. 4). The schedules indicate that the entirety of these funds belong to the Debtor and do not allege, as the Debtor and Ms. Shah have alleged post-petition, that 50% of this amount was owned by Ms. Shah. *Id*. Indeed, Schedule C seeks to exempt 100% of the Funds in the account in favor of the Debtor[1]. *Id* at p. 9.
- Following the commencement of the Debtor's bankruptcy case, on January 6, 2023, Mr. Busche advised Chase that he was releasing the restraint on the Funds. See Exhibit B.
- By letter dated January 19, 2023, the Trustee informed the Debtor that all of her pre-petition property must be immediately secured and that no property may be dissipated, transferred, liquidated, or otherwise disposed of absent written instruction from the Trustee. See Exhibit C.
- Following the commencement of the Debtor's bankruptcy case, Debtor's former counsel advised the Trustee for the first time that the Funds were allegedly jointly owned by the Debtor and Ms. Shah and were also commingled with funds belonging to ASMG Consulting, LLC ("ASMG"). Upon information and belief, ASMG is currently owned 50/50 by the Debtor and Ms. Shah. See Exhibit D.
- Based on post-petition bank statements provided by the Debtor, a portion of the Funds was withdrawn post-petition, and the value of the Funds, as of March 24, 2023, was $21,606.20. See Exhibit E.

---

[1] The Trustee reserves all rights in connection with this alleged exemption.

- The Debtor's 341 meeting of creditors has remained open pending the Trustee's receipt of all documents and information requested from the Debtor. The adjourned 341 meeting is currently scheduled for May 19, 2023.

### **The Trustee's Objection**

4. As detailed above, there is no current restraint on the Funds. In fact, a party with access to the account other than the Trustee appears to have withdrawn a portion of the Funds post-petition despite the Trustee's explicit instructions to the Debtor that no property may be dissipated, transferred, liquidated, or otherwise disposed of absent his written instruction. Therefore, the Motion is moot.

5. Furthermore, given the conflicting information as to ownership of the Funds and the alleged commingling of Funds between the Debtor, Ms. Shah and ASMG, there remain serious questions concerning the Debtor's claimed exemptions and even the recent withdrawal of Debtor's counsel. The Trustee's ongoing investigation has been hampered by these conflicting claims and evidence, and the Trustee has not yet been able to determine what portion of the Funds, if any, belong to the Debtor and what portion represents estate property under Section 541 of the Bankruptcy Code.

6. Finally, counsel to Mr. Busche advised the Trustee and this Court that Mr. Busche intends to object to the Debtor's scheduled exemptions and to seek a determination as to whether the full value of the Funds (as of the petition date) is property of the Debtor's estate. To the extent that the Court finds that the Motion is ripe for determination, the Trustee respectfully requests that the hearing on the Motion be adjourned and combined with the hearing on Mr. Busche's impending motion in order to allow this Court and the Trustee to efficiently address the issues raised herein.

## Reservation of Rights

7. The Trustee specifically reserves all rights against the Debtor and Ms. Shah with respect to the Funds, including, but not limited to, the right to seek to recover the value of any dissipated Funds to the extent they are determined to constitute an asset of the Debtor's estate.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that this Court deny the Motion.

| | |
|---|---|
| Dated: New York, New York<br>May 8, 2023 | GERON LEGAL ADVISORS LLC<br>*Attorneys for Yann Geron, Chapter 7 Trustee* |
| | By: */s/ Yann Geron*<br>Yann Geron<br>Jeannette Litos<br>Nicole N. Santucci<br>370 Lexington Avenue, Suite 1101<br>New York, New York 10017<br>(646) 560-3224 |