UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re                                : Chapter 7
                                     :
MADHU GROVER,                        : Case No. 22-11730-mg
                                     :
              Debtor.                :
------------------------------------x

**Response to TRUSTEE'S OBJECTION TO ASHNA SHAH GROVER'S MOTION TO <u>RELEASE FUNDS HELD BY THE TRUSTEE</u>**

1.    The Motion seeks the release of funds that Ms. Shah, the Debtor's daughter, alleges belong to her and have been held by the Trustee. The Motion is misleading and baseless. As is further detailed below (i) the Trustee has not restrained the funds at issue.

*ANSWER: Chase bank tells me that the have a legal order to restrain funds on the account – please see below.*



*Hence my claim is not baseless.*

*I have contacted the trustee's office multiple times to release my funds and each time they have assured me that they will do that in a few days – its been 5 months since.*

.

**The Trustee's Objection**

2.      As detailed above, there is no current restraint on the Funds. In fact, a party with access to the account other than the Trustee appears to have withdrawn a portion of the Funds post-petition despite the Trustee's explicit instructions to the Debtor that no property may be dissipated, transferred, liquidated, or otherwise disposed of absent his written instruction. Therefore, the Motion is moot.

*ANSWER: Then who is restricting the account? Again, snapshot of Chase information*



3.      Furthermore, given the conflicting information as to ownership of the Funds and the alleged commingling of Funds between the Debtor, Ms. Shah and ASMG, there remain serious questions concerning the Debtor's claimed exemptions and even the recent withdrawal of Debtor's counsel. The Trustee's ongoing investigation has been hampered by these conflicting claims and evidence, and the Trustee has not yet been able to determine what portion of the Funds, if any, belong to the Debtor and what portion represents estate property under Section 541 of the Bankruptcy Code.

*ANSWER: There is no conflicting information, the trustee was aware since day 1 that I am a joint account holder. Further, Ms Woods clearly stated that all deposits were made for ASMG. So any portion that was not for ASMG is half mine.*

*Please refer to page 26 of the petition*

| Debtor | 22-11730-mg | Doc 9 | Filed 01/17/23 | Entered 01/17/23 15:47:15 | Main Document |
|---|---|---|---|---|---|
| | Madhu Grover | | Pg 26 of 35 | | Case number(if known) 22-11730-MG |
| | First Name   Middle Name   Last Name | | | | |

| Ashna Shah | | |
|---|---|---|
| Owner's Name | | |
| | JP Morgan Chase Bank | Deposits into JP Morgan Joint Bank Account - to the extent that ASMG does not own the deposits, half each belongs to Ashna and Madhu. |
| Number  Street | Number  Street | $ Unknown |
| City    State   ZIP Code | City   State   ZIP Code | |

*Further, The trustee has been provides with 6 years of the bank statements in January – he is aware that I have been a joint account holder since 2016.*

*ASHNA SHAH*