WEINBERG ZAREH MALKIN PRICE LLP
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
Phone: 212-899-5470
Adrienne Woods, Esq.
awoods@wzmplaw.com

*Attorneys for Madhu Grover*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| MADHU GROVER, | Case No. 22-11730 (MG) |
| Debtor. | |

**DECLARATION OF MADHU GROVER**

MADHU GROVER, being of full age, declares under penalty of perjury,

1. I am the Debtor in the above-captioned bankruptcy proceeding.

2. I submit this Declaration on behalf of my daughter, Ashna Shah ("Ms. Shah").

3. Unless otherwise qualified, the statements made by me are made based upon my personal knowledge and my discussion with Ms. Shah on September 10, 2023.

4. I am providing this Declaration on behalf of Ms. Shah, at her request, as she currently lacks the means to communicate with the directly.

5. Ms. Shah is aware of the Court's directive that she appearance at the hearing on September 12th, which she learned about from me, on Sunday, September 10th. She fully comprehends the importance of complying with court schedules and is steadfast in her commitment to fulfilling her responsibilities as a responsible citizen. However, she is facing a set of extraordinary circumstances that necessitate her explanation.

6. Ms. Shah currently resides in the remote Kareri village in the Himalayas, India,

1

where access to essential services such as internet connectivity are nonexistent and stable electricity is severely limited.  The geographic isolation of her location further exacerbates these challenges.  To provide some context, the nearest road to her village terminates about 5 miles away, and reaching the village requires a strenuous trek through challenging terrain.  Communication with her parents is sporadic, and voicemail services are unavailable on local cell phones.  Her previous court appearance on August 31st required meticulous planning to reach the nearest city where she could access reliable internet and at the same time arrange for a safe stay, as the court time was late night her time.  Given these circumstances, it is simply impossible for her to appear on September 12th.

7. In response to the trustee's assertion that Ms. Shah's suggested rescheduling lacks good faith, she would like to address the time proposed by the trustee.  The trustee is demanding a time slot of 10 am to 4 pm EST, which translates to 7:30 pm to 1:30 am in Ms. Shah's local time zone.  This proposed time is highly inconvenient and imposes an undue burden on her, considering the significant time difference and the late-night hours involved.  Furthermore, the safety of traveling in remote parts of India, especially for a single woman during late hours, is a grave concern.  Ms. Shah questions whether this proposed time aligns with the principle of good faith, as it appears to disregard the substantial challenges, she faces due to time zone differences and safety concerns.

8. The trustee and his lawyers are in New York, where internet access is always readily available.  They have the convenience of conducting proceedings from the comfort of their homes.  In stark contrast, Ms. Shah must invest considerable time, effort, and financial resources to travel for hours to access reliable internet connectivity.  This stark disparity underscores the hardship she faces in fulfilling the trustee's request.

9.     Regarding the trustee's mention of Ms. Shah's prior statement about returning to the United States in the next few weeks, it is essential to clarify that her schedule is fluid. She is committed to her role as a teacher at a local school and is dedicated to the education of the children under her care. Her return plans may vary, but this flexibility should not be construed as an attempt to delay proceedings.

10.    Ms. Shah has no intention of burdening the court with requests for delay. She has cooperated diligently by providing access to her storage within 48 hours of the trustee's request. Her numerous emails seeking the release of her portion of the funds were met with vague responses and, ultimately, no response from the trustee's office, which led her to seek the Court's assistance. It is crucial to understand that her situation in this remote area limits her ability to respond promptly.

11.    Furthermore, it is important to note that Ms. Shah is also traveling to various villages for her teaching program. She is willing to adjust her commitments to accommodate the trustee and his lawyers, but the earliest feasible date for her to do so is November 2nd. She suggested 10:00 am to 4:00 pm her time, as this would give her sufficient time to catch transportation back and forth at a safe traveling time.

12.    The trustee had initially sought an extension of the deadline to raise objections to my discharge until December 4th, well in advance of the date proposed by Ms. Shah. It remains unclear why scheduling Ms. Shah's deposition for November 2nd would impose any undue burden on either the trustee or his legal team. Moreover, considering the time difference, it is reasonable to place the burden of accommodating late-night or early-morning availability more squarely on the trustee and his counsel, who have the flexibility to access the internet from anywhere, at any time. In contrast, Ms. Shah is a non-party, who

would be required to invest significant time and financial resources in travel as well as jeopardizing her personal safety.

13. Finally, Ms. Shah will incur considerable expenses in traveling to a town that has internet access for her deposition. She reserves all rights to recover all fees and expenses to which she is entitled under 28 U.S.C. § 1821.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the forgoing is true and correct.

Dated: New York, New York
September 10, 2023

*Madhu Grover*
_____
Madhu Grover