# BRADSHAW LAW GROUP P.C.

307 East 89th Street
Suite 4C
New York, NY 10128

Telephone: 212-327-1524     Fax: 332-777-2408     Mobile: 917-783-8125

www.bradshawlawgrouppc.com

April 23, 2025

<u>Via CM/ECF and email: mg.chambers@nysb.uscourts.gov</u>
Honorable Martin Glenn, Chief Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

   Re: James *Busche v. Madhu Grover* 23-01199-mg
     *In re Grover* 22-11730
     <u>Objection to Debtor's application to reopen dispositive motion period</u>

Your Honor:

  As you know, this firm represents Plaintiff-Creditor, James Busche ("Busche"), in the above-captioned Adversary Proceeding, and we write to respectfully request that the Court deny Debtor Madhu Grover's April 21, 2025 letter application to reopen the date for submission of dispositive motions. The Debtor seeks to bar the Creditor from pursuing his fraud-based claims in the Adversary Proceeding, claiming that they are time-barred. For the reasons outlined below, the Debtor's application should be denied.

  First, the Debtor had ample opportunity to raise any statute of limitations defense during the designated period for dispositive motions. The Adversary Proceeding Complaint and the Creditor's motion seeking to establish the preclusive effect of the 2019 monetary judgment awarded in the 2014 New York State Court action (the "Judgment") clearly laid out the basis for objecting to dischargeability under 11 USC 523. The Debtor had access to full discovery, extensive document production, and a clear presentation of the issues. Her failure to raise this objection during the proper time frame reflects a lack of diligence. Permitting her to revisit procedural deadlines now would undermine the orderly administration of this case, unduly tax the resources of the Court, unnecessarily protract already lengthy proceedings, and reward procedural gamesmanship.

  Second, while the Court has denied the Creditor's motion to apply preclusive effect to the Judgment, that ruling does not foreclose consideration of the facts underlying that Judgment. Specifically, the Bankruptcy Court may still consider that: (1) a money Judgment was in fact awarded to the Creditor after exhaustive proceedings including Appeal; and (2) the Judgment was based on findings by a Referee that the Busche had proven, by a preponderance of the evidence, his entitlement to damages for fraudulent misrepresentation and unjust enrichment. We are not asking the Court to retry claims that might be time-barred. Rather, we respectfully ask the Court to acknowledge this prior award of a money Judgment grounded in the determination that damages were warranted subsequent to findings of Busche having met the applicable evidentiary standard for fraudulent conduct. This distinction is critical. Accordingly, allowing the Debtor to now interject a statute of limitations argument that was previously waived would not only be procedurally improper, but would also prematurely cut off consideration of material facts that may bear directly on dischargeability.

Honorable Martin Glenn, Chief Judge
United States Bankruptcy Court
April 23, 2025
Page **2** of **2**

      Finally, the Court possesses broad discretion under 11 USC 105 to prevent abuse of process and ensure efficient case administration. Granting the Debtor's application to reopen the dispositive motion deadline would contravene these objectives. It would invite delay and enable a party who has already had full opportunity to assert defenses to backtrack on settled procedures.

      For the foregoing reasons, we respectfully request that the Court deny the Debtor's application to reopen the dispositive motion deadline. We are available at the Court's convenience should Your Honor require further information or clarification. We thank the Court and await any further directives with respect to scheduling of a Hearing or otherwise.

Respectfully,

**BRADSHAW LAW GROUP P.C.**

/s/ *Diane Bradshaw*

Diane Bradshaw
*Attorneys for Plaintiff-Creditor, James Busche*
dbradshaw@bradshawlawgrouppc.com

cc via CM/ECF and email:
Adrienne Woods, Esq.
Omid Zareh, Esq.
Yann Geron, Esq.
Nicole Santucci, Esq.
Mark Silver, Esq.